MEMORANDUM **
Simona Adina Sipos and her son, natives and citizens of Romania, petition for review of the Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009), and we grant the petition for review.
Substantial evidence does not support the agency’s adverse credibility determination based on Sipos’ false statements given during an airport interview, because the agency failed to adequately address Sipos’ explanation for lying during the interview. See id. at 1091-92; cf. Li v. Ashcroft, 378 F.3d 959, 963 (9th Cir.2004) (IJ considered and rejected the petitioner’s explanation in light of additional omissions from declarations filed after the airport interview). In addition, substantial evidence does not support the agency’s adverse credibility determination based on Sipos’ return to Romania, because contrary to the IJ’s finding, Sipos explained why she could not bring her son to the United States initially, and she was not given an opportunity to explain why her father was unable to help her son escape. See Soto-Olarte, 555 F.3d at 1092. To the extent the agency relied on a lack of corroboration, that finding does not support *722 an adverse credibility determination. See Kaur v. Ashcroft, 379 F.3d 876, 890 (9th Cir.2004) (where each of the proffered reasons for an adverse credibility finding fails, corroboration is not required).
Because substantial evidence does not support the adverse credibility determination, and because the IJ did not credit Sipos’ testimony in denying her asylum, withholding of removal, and CAT claims on the merits, we remand for the agency to reconsider its adverse credibility determination on an open record or to evaluate Sipos’ claims on the merits if she is considered credible. See Soto-Olarte, 555 F.3d at 1095-96; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
The government shall bear the costs for this petition for review.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.